# IN THE MATTER OF EMILIO LABRA DE DIEGO, Petitioner,

*v.*

# LAWSON E. EVANS, Commissioner of Immigration.

San Juan, Law, No. 1386.

COMING TO PORTO RICO TO LEARN ENGLISH.

Immigration Authorities— Review.

> 1. A district court cannot review the finding of the immigration authorities upon the facts, but where there was no evidence or was abuse of authority the rule is otherwise.

Immigrant—Learning English.

> 2. Where the alleged object of the coming of the immigrant of sixteen years of age was to learn English, and he had lived here two months with no effort in that direction, there is no showing of this object. The facts point rather to his being brought here to learn his Spanish uncle's business.

Opinion filed May 10, 1920.

*Mr. Henry G. Molina* for petitioner.

*Mr. Miles M. Martin* and *Mr. Lawson E. Evans* for defendant.

HAMILTON, Judge, delivered the following opinion:

The petitioner in this case came with his uncle from Spain to Porto Rico, and was ordered deported by a board of examiners, on the grounds that he was brought at another's expense and

Matter of Labra de Diego v. Evans.

because he came as a contracted laborer.　On appeal, this decision was affirmed at Washington.

1. It has been decided by this court in Ex parte Perez, 6 Porto Rico Fed. Rep. 276, that this court cannot review the finding of the immigration authorities on the facts.　Where there was no evidence or where there was an abuse of authority, the court would have jurisdiction.

2. In the case at bar, the evidence before the board tended to show that petitioner's passage had been paid by his grandmother, and that one of the objects of his coming here was to learn English.　In order to give petitioner full benefit of all facts, he was examined by the court and counsel upon the present hearing.

It developed that, although he has been in Porto Rico over two months and he has been staying with his uncle in Guayama, as intended, petitioner does not know a word of English, and has not made any effort to learn the language.　He has not been in business, awaiting decision of this case, but has lived at Guayama, and finds that it is not necessary to know any English to carry on business there, whether as clerk or bookkeeper, except as to occasional correspondence with New York shippers.

Upon the whole it appears to the court from all the facts of the case that the petitioner was brought here with the purpose of aiding his uncle in business, and only with the remote intention of possibly learning English.　He is sixteen years of age and seems to present a case of having been brought here to grow up in his uncle's business, and nothing more or less.　It is legal to come to America as a traveler or as a student, under certain necessary regulations; but it is not legal for a foreigner staying anywhere in America, such as Porto Rico, to bring young relatives here as clerks to grow up and perhaps succeed in business

conducted previously by him. This is American territory, and its affairs, public and private, are to be carried on primarily by Americans, with the right of friendly aliens to carry business also in accordance with the American laws and customs. The perpetuation of foreign business interests by bringing in kinfolks from abroad is not within the law. Spaniards have no greater rights in Porto Rico than other foreigners, except in certain special cases mentioned in the Treaty of Paris. The application in question does not come under any such provision.

The result of the evidence in this case, even if the court goes outside of the findings before the immigration board, is that the petitioner is in the general class of persons imported by contract or agreement for labor or business purposes, and as such he cannot be admitted into the United States. Upon the merits and the law the court sees no reason to interfere with the findings of the immigration authorities, and the application for the writ of habeas corpus is therefore denied.

It is so ordered.